UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BASTIAN SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00198-JRS-CSW |
| | ) | |
| ATTABOTICS, INC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| Accelerate360, LCC, | ) | |
| | ) | |
| Interested Party. | ) | |

**Second Order on Motion for Summary Judgment**

This is an ongoing contract dispute about a robot warehouse.  The Court comes to resolve a second round of summary judgment.  (Attabotics' Motion for Summary Judgment, ECF No. 75.)  To recap: Bastian used Attabotics robots in an automated warehouse it built for a third party, Accelerate360.  Accelerate360 sued Bastian in Delaware alleging that the warehouse did not work; Bastian sued Attabotics here alleging their contract obliges Attabotics to defend and indemnify Bastian against the Accelerate360 suit.  While the defense and indemnity questions were pending in this Court, Bastian and Accelerate360 settled.

The Court denied summary judgment on the defense and indemnity questions because the contract is ambiguous.  (Order, ECF No. 61.)  Now Attabotics argues that, whatever ambiguities there may be in the defense and indemnity provisions, Bastian nonetheless "breached the plain language" of the contract and so "nullified Attabotics'

indemnity obligation." (Mot. 2, ECF No. 78.)  Specifically, Attabotics argues that it was entitled to "sole control" of the defense, that it had to "agree[] to" any settlement, and that no settlement could contain an acknowledgment of its wrongdoing.  (*Id.*)

The motion is a retread, both procedurally and substantively.

First, the Case Management Plan requires the Parties to raise all issues for summary judgment in a single motion, (CMP 5, ECF No. 23), and the Court's Practices and Procedures require dueling motions for summary judgment to be briefed in a single course of four filings, J. Sweeney Prac. & Proc. 2–3.  Attabotics is not entitled to another round of summary judgment briefing; the issues it raises were ripe before its previous surreply (and in fact were raised therein), at the latest; and the Court is not well pleased to revisit claims about the contract's "plain language" when its earlier order established that the contract is anything but plain.  *Cf. Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Belated factual or legal attacks are viewed with great suspicion[.]").

Second, as just noted, Attabotics already raised the same arguments in its surreply to the first round of summary judgment.  (Surreply 4 (consent), 6 (control), 7 (wrongdoing), ECF No. 50.)  The Court rejected them then.  (Order 10, ECF No. 61.)

The Court rejects them again now.  The case has not changed: Bastian wanted Attabotics to defend; Attabotics did not defend.  Ought Attabotics to have defended? (It is too soon to tell, because the contract is ambiguous.)  But if yes, then Attabotics breached the contract and Bastian was free to do as best it could on its own, to include directing its defense and settling the claims.  *Klepper v. ACE Am. Ins. Co.*, 999 N.E.2d

86, 96 (Ind. Ct. App. 2013) (noting that self-help after other party's breach is a "longstanding principle").  That is fundamental contract law.

Summary judgment is appropriate only where there is no dispute of material fact, *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021), and resolving ambiguities of contractual intent requires finding facts, *In re Indiana State Fair Litig.*, 49 N.E.3d 545, 548 (Ind. 2016).  This contract, as the Court already ruled, is ambiguous.  It is too soon to say whose conduct was proper, and so the new motion for summary judgment, (ECF No. 75), is **denied.**

**SO ORDERED.**

Date: 07/12/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Matthew Thomas Albaugh
Taft Stettinius & Hollister LLP
malbaugh@taftlaw.com

Joshua B. Fleming
josh.fleming@quarles.com

Jessica Heckinger Nowak
Quarles & Brady LLP
jessica.nowak@quarles.com

Raymond D. Jamieson
QUARLES & BRADY LLP
raymond.jamieson@quarles.com

Jeffrey Wayne Parker, Jr.
Taft Stettinius & Hollister, LLP
jparker@taftlaw.com

Patrick John Proctor-Brown
Quarles & Brady LLP
patrick.proctor-brown@quarles.com

Joseph Mitchell Tanner
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mtanner@taftlaw.com

Luke Wiese
lwiese@taftlaw.com