UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BASTIAN SOLUTIONS, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No: 1:23-cv-00198-JRS-CSW |
| | ) |
| ATTABOTICS, INC., | ) |
| | ) |
| *Defendant* | ) |
| _____ | ) |
| ACCELERATE360, LLC, | ) |
| | ) |
| *Interested Party.* | ) |

**AMENDED BRIEF IN SUPPORT OF MOTION TO MAINTAIN UNDER SEAL**

Pursuant to Local Rule 5-11 and ECF No. 134, Attabotics requests the Court maintain the redacted portions of Dr. Jason Janét's initial expert report, [ECF No. 111-1], and rebuttal report, [ECF No. 128-1], under seal.

1. **Good cause supports maintaining portions of Dr. Janét's initial report and rebuttal report under seal.**

The Seventh Circuit "recognize[s] only three classes of material subject to seal: trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence." *Major Wire Ind., Ltd. V. Siler*, 2020 WL 13555923, at \*1 (S.D. Ind. Mar. 9, 2020) (cleaned up). Thus, information that qualifies as a trade secret can properly be maintained under seal despite being filed with a court. *Johnson v. Franklin Twp. Comm. Sch. Corp.*, 2021 WL 4953280 at \*2 (S.D. Ind. July 28, 2021).

Throughout his expert reports, Dr. Janét includes numerous images and components of Attabotics' robots and system, product specifications and measurements,

and other materials and information that are not publicly available. This sensitive, proprietary, and not-publicly-available information has been redacted in the reports accompanying this filing, and the unredacted versions should be maintained under seal.

### 1.1. Images of Attabotics' Ant and documents from the Nest should be maintained under seal.

In Appendix B of his initial expert report, and in places throughout the body of his report, Dr. Janét includes images of Ants in various states of deconstruction. These images show the inner workings and components of Attabotics' Ants. While images of fully assembled Ants are publicly available (and are therefore left unredacted in the attached redacted version of Dr. Janét's report), the interior components and their assembly are not publicly available nor known by the public. Images of these components—such as Attabotics' control board, [ECF No. 125-1 at 26]—are confidential and competitively sensitive information, the public disclosure of which would cause substantial harm to Attabotics.

Dr. Janét's reports also contain images of Attabotics' components at the A360 facility, [*see, e.g.,* ECF No. 111-1 at 11], as well as Attabotics' documents that were located at the A360 facility, [*see, e.g.,* ECF No. 111-1 at 46]. These images show non-public information like reference guides, parts lists, employee check lists, and product specifications. [ECF No. 111-1 at 11-12.] Attabotics does not publicize this information, and its public disclosure would be irreparably harmful to Attabotics. For the same reasons, some of Dr. Janét's descriptions of images, to the extent they reveal confidential information, are also appropriately redacted.

### 1.2.    Summaries or recreations of confidential documents.

Also redacted from Dr. Janét's reports are summaries or depictions of confidential documents produced in discovery. As one example, on page 45 of Dr Janét's initial report, he includes a snip of a confidential comparison of different versions of Attabotics' Ants, including their size, speed, weight, payload, and components. [ECF No. 111-1 at 45.] This information is clearly proprietary, and it is not publicly or otherwise available to Attabotics' competitors. As another example, Dr. Janét includes snips of multiple internal-to-Attabotics emails about product replacement, maintenance, and strategy, which information is also not publicly available. [ECF No. 111-1 at 47-48.]

Dr. Janét's access to these documents and communications owes solely to his status as an expert in this case. If not for his engagement with Bastian, Dr. Janét (nor anyone else in the industry) would have access to Attabotics' confidential documents and communications, or the information contained in those documents and communications. Accordingly, those depictions and summaries should be maintained under seal.

### 1.3.    Other confidential information.

In addition to the two categories identified above, Dr. Janét's reports contain and disclose other pieces of confidential information. For example, in both of his reports, Dr. Janét recreates images showing the design and arrangement of Attabotics' Nest, which he could have only done based on a confidential review and compilation of various confidential and not-publicly-available documents. [*See, e.g.,* ECF No. 111-1 at 9; ECF No. 125-1 at 23.] Dr. Janét's reports also contain several charts, a number of which recite, discuss, or disclose confidential design information. [*See, e.g.,* ECF No. 111-1 at 27; ECF

No. 125-1 at 11-12.] While some of the charts do not disclose confidential information (and are therefore not redacted), others purport to describe the materials used or contained within the Ants, the machines and mechanisms inside the Ants, and the relationship and interplay between various components in the Attabotics' system. This information is not publicly available, and is only available to Dr. Janét through his review of confidential documents and work as an expert in this litigation.

Dr. Janét's reports, and particularly his rebuttal report, also contain discussions of confidential design and specification information. For example, Dr. Janet spends several pages in his rebuttal report listing Attabotics' system components measurements, describing performance metrics, and detailing confidential communications. [ECF No. 125-1 at 22-23, 36.] This information is available to Dr. Janét solely through his review of other confidential documents produced during discovery should therefore be maintained under seal.

Finally, Dr. Janét's rebuttal report discusses components of Attabotics' source code, which was produced to Bastian under Attorneys' Eyes Only designation. [ECF No. 125-1 at 40-41.] Of course, Attabotics consented to Dr. Janet's review of that information in the scope of his investigation as an expert in this case. That information, however, should not be made publicly available. Aside from the factually untrue statements about Attabotics' code which will be addressed at trial, Dr. Janét offers summaries of what he believes exists or does not exist within Attabotics' code.

In sum, Dr. Janét's expert reports contain many summaries or other depictions of confidential, non-public, and sensitive information, designated as confidential by

Attabotics during discovery and available to Dr. Janét only by virtue of Bastian's decision to hire him as an expert in this case. These categories of information are hidden by the attached proposed redactions and should therefore be maintained under seal.

### 1.4. Attabotics takes steps to protect its confidential information.

As noted above, Attabotics has taken steps to keep its confidential information out of the public view. Attabotics, like Bastian, produced documents in discovery pursuant to a protective order, and it does not publicize many facts that are addressed, discussed, or disputed in Dr. Janét's report. Attabotics' customers and potential customers frequently execute non-disclosure agreements in connection with its business.

Attabotics takes these measures for good reason: in a competitive industry it must protect its sensitive design, product, and strategic information from competitors. The proposed redactions allow Attabotics continue to protect its trade secrets and other confidential information. The proposed redactions ensure that the least restrictive means are taken, while maintaining the sensitive, non-public information out of public view.

Attabotics goes to great lengths to protect this information. It does not publicize the detailed specifications included and analyzed in Dr. Janét's report. It executes appropriate nondisclosure and/or confidentiality agreements with individuals and entities to whom this information will be disclosed. [*See, e.g.,* ECF No. 11-1 at 11 (confidentiality provision in the Integrator Agreement).] Employees only have access to the level of detail included in Dr. Janét's report on a need-to-know basis, and Attabotics' computer systems are all username and password protected. In short, Attabotics uses every tool in its arsenal to protect this information. But for Dr. Janét's engagement by

Bastian as an expert in this case, he would not have access to this information. Maintaining the redacted portions of Dr. Janét's report under seal is appropriate.

**2. Bastian has not indicated any objection to the proposed redactions.**

The undersigned asked Bastian's counsel whether Bastian agreed that the proposed redactions were appropriate. As of this filing, Attabotics is not aware if Bastian consents or objects to the proposed redactions.

**3. Conclusion.**

Dr. Janét's reports, if available unredacted, would provide a "how to" guide to competitors for Attabotics' Ants, showing its parts, components, assembly, and specifications. His reports also contain confidential business, strategic, and development information that is not publicly available, and is only available to Dr. Janét through his engagement with Bastian as an expert witness. This information is not generally available to, or known by, the public. It constitutes confidential, competitively sensitive information, the public disclosure of which would cause irreparable harm to Attabotics. The redacted information included in Dr. Janét's report constitutes Attabotics' trade secrets, which justifies maintaining his report under seal. *Johnson*, 2021 WL 4953280, at *2; *Siler*, 2020 WL 13555923, at *1.

WHEREFORE, Attabotics respectfully requests that the Court maintain the redacted portions of Dr. Jason Janét's expert reports under seal.

Dated: August 21, 2024

Respectfully submitted,

/s/ Matthew Albaugh
Matthew Albaugh, Atty. No. 23293-49
J. Mitchell Tanner, Atty. No. 35905-49
Jeffrey W. Parker, Jr., Atty. No. 35742-49
Luke Wiese, Atty. No. 38382-29
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
malbaugh@taftlaw.com
mtanner@taftlaw.com
jparker@taftlaw.com
lwiese@taftlaw.com

*Attorneys for Attabotics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, the forgoing was served via the Court's filing system on all counsel of record.

/s/ *Matthew Albaugh*
Matthew Albaugh