UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BASTIAN SOLUTIONS, LLC,      ) | |
| ) | |
| *Plaintiff,*      ) | |
| ) | |
| v.      ) | Case No: 1:23-cv-00198-JRS-CSW |
| ) | |
| ATTABOTICS, INC.,      ) | |
| ) | |
| *Defendant*      ) | |
| _____ ) | |
| ACCELERATE360, LLC,      ) | |
| ) | |
| *Interested Party.*      ) | |

**ATTABOTICS' EXPERT WITNESS SUPPLEMENT**

In its September 9, 2024 Final Pretrial Conference Order, the Court ordered the parties to explain "why expert testimony is necessary to assist the trier of fact." The Court ordered the parties to "explain why the desired legal or factual conclusion on a particular point cannot be proved by: admitting evidence by a fact-witness testimony or documentary exhibits, then explaining its legal significance at closing arguments."

Attabotics concurs with the Court's statements that expert testimony is superfluous and unlikely to be helpful to the Court. As explained in Attabotics' Motion to Exclude Dr. Jason Janet, [ECF No. 112], Dr. Janet's opinions are simply a summary of Bastian's theory of the case, with Dr. Janet's "expert" label attached as a bolstered appeal to authority. The Court does not need Dr. Janet to confirm or characterize what the parties said in emails and depositions. As the Court's September 9, 2024 Order explains, "expert opinion does

not assist the trier of fact where the opinion is based on little more than reviewing a few lines of deposition transcript or emails than an ordinary juror could comprehend."

Attabotics' expert, Professor Winncy Du, rebuts and responds to Dr. Janet's opinions. That is, if Dr. Janet is permitted to offer his "expert" opinions summarizing the facts in this case, Attabotics must have the ability to present testimony of an equally (if not more) qualified expert to explain the technical and scientific facts at issue.

Attabotics will withdraw Professor Du as a witness, if Bastian withdraws Dr. Janet as a witness or the Court excludes his testimony. As the Defendant, Attabotics cannot unilaterally withdraw Professor Du, only to allow Dr. Janet's supposedly "expert" testimony go unrebutted by qualified expert testimony.

Respectfully submitted,

/s/ *Matthew Albaugh*
Matthew Albaugh, Atty. No. 23293-49
J. Mitchell Tanner, Atty. No. 35905-49
Jeffrey W. Parker, Jr., Atty. No. 35742-49
Luke Wiese, Atty. No. 38382-29
TAFT STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
malbaugh@taftlaw.com
mtanner@taftlaw.com
jparker@taftlaw.com
lwiese@taftlaw.com

*Attorneys for Attabotics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the electronic court filing system, which will provide notification of such filing to all counsel of record.


/s/ *Matthew Albaugh*
Matthew Albaugh